Eileen C. Burke, SBN 175700
Attorney At Law
2019 Webster Street
San Francisco, CA  94115
Phone (415) 441-1776
Fax (415) 441-1789
eileenburke@mindspring.com

Attorney for Defendant, **KELLY MEDORA**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **KELLY MEDORA,** ) | Case No.:  C06-0558 EDL |
| ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| **vs.** ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| **CITY AND COUNTY OF SAN** ) | |
| **FRANCISCO, SAN FRANCISCO POLICE** ) | |
| **DEPARTMENT, OFFICER RODNEY** ) | |
| **FITZPATRICK, OFFICER** ) | |
| **CHRISTOPHER DAMONTE, OFFICER** ) | |
| **WILLIAM EILEFF, OFFICER RANDALL** ) | |
| **SOOHOO, OFFICER TIMOTHY** ) | |
| **OBERZEIR, CHIEF HEATHER FONG,** ) | |
| **and DOES 1 through 100, inclusive,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**I. INTRODUCTION**

1.    This is a civil rights case arising from unconstitutional and unlawful actions by members of the San Francisco Police Department on January 23, 2005 in San Francisco, California.  The plaintiff was a peaceful citizen out with a friend when defendants grabbed her, twisted her right arm and applied such

-1-

force to it that she suffered a spiral break.  Defendants then conspired to prepare false statements, complaints and citations related to the events surrounding the breaking of Plaintiff's arm.  Further, Defendants conspired to ensure that no one would respond to Plaintiff's repeated attempts to make a complaint about the conduct of Defendants.  Defendants' actions were the result of unlawful and unconstitutional policies and/or practices and/or customs of the San Francisco Police Department as well as the use of excessive force.  The plaintiff seeks damages for the injuries she suffered as a result of the battery committed upon her person by defendants on January 23, 2005 and for the false reports, citations and statements generated by Defendants, and for the failure of Defendants to respond to her repeated requests to make a complaint regarding the illegal conduct of Defendants.

2.      Defendants' actions deprived plaintiff of her right to be free from excessive force and due process of law as guaranteed by the United States and California Constitutions.  Defendants' actions also violated state statutory and common law.

## II. JURISDICTION

3.      This action arises under 42 U.S.C. Section 1983.  Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.  The Court has supplemental jurisdiction over state law claims under 28 U.S.C. Section 1367.

4.      Plaintiff has filed an administrative claim with the City and County of San Francisco in compliance with California Government Code Section 910, et seq.  On July 27, 2005 the claim was denied.  This complaint follows in a timely manner.

## III. INTRADISTRICT ASSIGNMENT

5.      The claims alleged herein arose in the City of San Francisco, State of California.  Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division or the Oakland Division.

//

//

//

//

-2-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

## IV.  THE PARTIES

6.      Plaintiff, Kelly Medora, is a well-regarded and skilled pre-school teacher who lives and works in New York City, New York.  At the time of this incident she was a pre-school teacher living and working in San Francisco.

7.      Defendant City and County of San Francisco (hereinafter "CCSF") is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

8.      Defendant San Francisco Police Department (hereinafter "SFPD"), is and at all times herein mentioned was, a department of the CCSF duly organized and existing under the laws of the State of California.

9.      Defendant Heather Fong, was, at all times mentioned, the Chief of Police of the SFPD. Defendant Fong was the policy-maker for Defendant CCSF and SFPD on the matters alleged herein related to the customs, policies and practices of the SFPD, including but not limited to, customs, policies and practices related to the training, supervision, hiring, discipline, assignment and control of police officers, the use of excessive force, the manner in which police reports are prepared, the manner in which complaints about police officers are handled, and the management and supervision of the SFPD.

10.     Defendants Fitzpatrick, Eileff, Damonte, and SooHoo broke Plaintiff's arm without provocation and caused Plaintiff to suffer a painful spiral break of her arm.  Defendants Fitzpatrick, Eileff, Damonte and SooHoo also conspired to lie about the facts surrounding the breaking of Plaintiff's arm and to falsely accuse Plaintiff of illegal conduct.

11.     Defendant Oberzeir, was at all times herein mentioned, a Sergeant and supervisory employee at Central Station.  Plaintiff is informed and believes that Defendant Oberzeir participated in the planning, supervision and execution of the police conduct complained of herein and gave his authorization and approval to the police conduct complained of herein and to the false statements, citations and reports filed by the defendants related to the breaking of Plaintiff's arm.  Defendant Oberzeir also conspired with defendants Fitzpatrick, Eileff, Damonte and SooHoo to lie about the facts surrounding the breaking

-3-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

of Plaintiff's arm and to ensure that no one was sent to take a complaint from Plaintiff about the facts surrounding the breaking of her arm.

12.    All of the above individuals are sued in their individual and official capacities.

13.    Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend her complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and therefore alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

14.    Each of the defendants, including DOES 1 through 100, caused, and is responsible for, the below-described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct, or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, customs, plans or actions that lead to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action, filing reports, statements and/or citations that were intentionally false and/or misleading, failing to respond to Plaintiff's repeated calls for someone to take her complaint, and/or failing to keep proper records of complaints and to act on complaints.

15.    In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment for the City and County of San Francisco.

16.    In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color or authority and/or color of law.

-4-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

17. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V. STATEMENT OF FACTS

18. On January 23, 2005, Plaintiff was out socializing with a friend and local kindergarten teacher, Christine Hollander, in the North Beach area of San Francisco.

19. Plaintiff and Ms. Hollander were on the sidewalk of Broadway Street, which was very crowded by citizens lined up to enter various clubs and restaurants. Plaintiff and Ms. Hollander decided to leave the area and go somewhere quieter.

20. Ms. Hollander stepped between two parked cars and, while standing alongside the curb, raised her arm to hail a cab. Plaintiff remained on the curb.

21. Officer Fitzpatrick yelled at Ms. Hollander and advanced toward her.

22. Plaintiff alerted Ms. Hollander to Officer Fitzpatrick's presence and Ms. Hollander stepped back up on the curb with Plaintiff.

23. Officer Fitzpatrick rushed to Ms. Hollander, who was now on the curb, and grabbed her by the arm and began yelling at her. Though Ms. Hollander explained that she was simply hailing a cab, Officer Fitzpatrick continued to squeeze Ms. Hollander's arm in a forceful manner.

24. Plaintiff asked Officer Fitzpatrick to let go of Ms. Hollander's arm. Officer Fitzpatrick did release Ms. Hollander's arm, but he continued to scream at and berate her.

25. Plaintiff was alarmed and scared of the way Officer Fitzpatrick was treating Ms. Hollander.

26. Officer Fitzpatrick made no attempt to cite Ms. Hollander for anything or inform her of any illegal conduct while he continued to yell at Ms. Hollander.

27. Plaintiff took notice of Officer Fitzpatrick's nameplate and asked "Is R. Fitzpatrick your name?" Officer Fitzpatrick replied that it was.

28. Plaintiff informed Officer Fitzpatrick that she didn't like the way he was bullying and grabbing her friend and that she was going to complain about his conduct.

29. Officer Fitzpatrick then turned his rage and aggression on Plaintiff and began yelling at her.

30. Plaintiff was frightened and walked away from Officer Fitzpatrick to try to find help.

-5-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

31.     Plaintiff walked along the curb of Broadway Street toward Kearny Street.  Officer Fitzpatrick began to follow Plaintiff.  Plaintiff realized Officer Fitzpatrick was following her and became very fearful of Officer Fitzpatrick and what he might do.

32.     Plaintiff walked up to another police officer standing at Kearny Street.  Plaintiff began to explain to this officer what had happened with Officer Fitzpatrick.

33.     Officer Fitzpatrick and another officer approached Plaintiff from behind.  Plaintiff was now surrounded by three uniformed police officers.

34.     Without provocation, Officer Fitzpatrick rushed up to Plaintiff from behind, grabbed Plaintiff's right arm and twisted it while jerking it upward.  Officer Fitzpatrick intended to, and in fact did, batter Plaintiff.  The other officers present assisted Officer Fitzpatrick by surrounding Plaintiff, preventing her from leaving Officer Fitzpatrick's presence, and failing to prevent or stop Officer Fitzpatrick from using excessive force to break Plaintiff's arm.

35.     Officer Fitzpatrick jerked Plaintiff's arm with such force that he caused an extreme and complete spiral break to her right upper arm.

36.     Plaintiff immediately heard an audible "crack" and began to scream in pain.

37.     There was no probable cause or reasonable suspicion that Plaintiff posed an immediate or credible threat of injury to the police or any other person, and there were no facts that justified the force that defendant Fitzpatrick and the other officers directed against Plaintiff.

38.     Officer Fitzpatrick walked away as Plaintiff began to scream in pain.

39.     The other two officers moved Plaintiff to a sitting position on the curb at Broadway and Kearny.  She was then walked across Broadway to an ambulance.  All the while Plaintiff was in excruciating pain.

40.     Plaintiff was taken to Kaiser Emergency via ambulance and treated.

41.     While at Kaiser Emergency, Plaintiff and Ms. Hollander repeatedly telephoned the San Francisco Police Department to make a complaint about what had occurred.  Plaintiff and Ms. Hollander were repeatedly told someone was on the way to take their statements and assist them with a complaint.

-6-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

42. No one from the SFPD ever arrived to take a complaint or followed up with Plaintiff about a complaint.

43. A San Francisco Police Officer did arrive at Kaiser. The officer provided Plaintiff with a citation containing false charges of "Ped in Road" and "Delaying" and "Resisting". The officer told Plaintiff she needed to sign the citation or she would be arrested and go to jail as soon as she was released from the hospital. Plaintiff signed the citation.

44. After Plaintiff signed the citation, and while she was being treated, the officer returned, retrieved the citation and altered it, adding another false charge of "Assault on PO." Plaintiff did not learn about the added charge until later.

45. The actions of Officer Fitzpatrick and the other two officers were in violation of the use of force policies of the SFPD.

46. Defendants Damonte, SooHoo, and Eileff filed reports and/or citations, and/or made statements that contained false and/or misleading statements about the events in an attempt to justify and cover for Officer Fitzpatrick's battery of Plaintiff.

47. Defendant Oberzeir reviewed and approved and authorized the false and/or misleading reports and/or citations and/or statements knowing they were false and/or misleading.

48. Plaintiff is informed and believes that it is a practice, policy and/or custom of the SFPD to authorize and approve false and/or misleading statements, reports and/or citations in cases of excessive force in an effort to justify and cover for said excessive force. Said practice, policy and/or custom is so frequent and pervasive that it amounts to deliberate indifference on the part of defendants to Plaintiff's right to be free from excessive force and in fact, said practice, policy and/or custom actually encourages the use of excessive force.

49. Plaintiff is informed and believes that all of the defendants herein conspired to prevent anyone from meeting with and taking Plaintiff's complaint of excessive force. Plaintiff is further informed and believes that it is a practice, policy and/or custom of the SFPD to ignore complaints and to fail to respond to requests to document complaints of excessive force in an effort to cover for and/or justify the use of excessive force. Said practice, policy and/or custom of inaction is so frequent and pervasive

-7-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

that it amounts to deliberate indifference on the part of defendants to Plaintiff's right to be free from excessive force and in fact, said practice, policy and/or custom actually encourages the use of excessive force.

50.    As a result of the acts and omissions of defendants, Plaintiff has suffered, and continues to suffer, severe emotional distress, wage loss, loss of future earnings, medical expenses, violation of her civil rights, and other general and special damages.

### VI.  REQUISITES FOR RELIEF

51.    Plaintiff is informed and believes that the violations of the plaintiff's constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of authorized policy makers of the defendant City and County of San Francisco including, defendants Fong, Oberzeir, and other supervisory officials of the San Francisco Police Department, and the City and County of San Francisco, which encouraged, authorized, directed, condoned, and ratified the unconstitutional and unlawful conduct complained of herein.  Said customs, policies and practices include, but are not limited to:  the use of excessive and/or arbitrary force on citizens; the failure to maintain adequate policies; the failure to adequately train, supervise and control San Francisco Police Department officers concerning the constitutional limits on the use of force; the failure to investigate and impose discipline on the San Francisco Police Department officers involved in the unconstitutional and unlawful actions complained of herein, and/or to adopt other remedial measures and policies to ensure that such violations of legal rights would not recur; the authorization and approval of misleading and false reports, statements and citations in cases of excessive force in an attempt to justify and cover for the use of excessive force; the failure to adequately and promptly respond to complaints of excessive force by police officers.

52.    As a direct and proximate result of the conduct of the defendants described herein, plaintiff has been denied her constitutional, statutory and legal rights as stated below, and has suffered, continues to suffer and will in the future suffer general and special damages, including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort and anxiety.

-8-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

53.    Defendants' acts were willful, wanton, malicious, and oppressive and done in bad faith and with conscious disregard and deliberate indifference for plaintiff's rights.

## VII.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of 4th and 14th Amendments to the
United States Constitution (42 USC Section 1983)**

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

54.    Defendants' above-described conduct violated Plaintiff's rights to be free from unreasonable seizures and excessive, unreasonable and arbitrary force under the 4th and 14th Amendments to the United States Constitution.

### SECOND CLAIM FOR RELIEF

**Violation of 14th Amendment to the
United States Constitution (42 USC Section 1983)**

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

55.    Defendants' above-described conduct violated Plaintiff's rights to not be deprived of liberty without due process of law under the 14th Amendment to the United States Constitution.

### THIRD CLAIM FOR RELIEF

**Violation of 14th Amendment to the
United States Constitution (42 USC Section 1983)**

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

56.    Defendants' above-described conduct violated Plaintiff's rights to equal protection of the laws under the 14th Amendment to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

**Violation of California Constitution, Articles I, Sections 2 and 3**

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

//

-9-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

57.    Defendants' above-described conduct violated Plaintiff's rights to freedom of speech and association and to petition the government for redress of grievances, under Article I, Sections 2 and 3 of the California Constitution.

### FIFTH CLAIM FOR RELIEF

### Violation of California Constitution, Article I, Section 13

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

58.    Defendants' above-described conduct violated Plaintiff's right to be free from excessive, unreasonable and/or arbitrary force under Article I, Section 13 of the California Constitution.

### SIXTH CLAIM FOR RELIEF

### Violation of California Constitution, Article I, Section 7(A)

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

59.    Defendants' above-described conduct violated Plaintiff's right not to be deprived of liberty without due process of law under Article I, Section 7(A) of the California Constitution.

### SEVENTH CLAIM FOR RELIEF

### Violation of California Constitution, Article I, Section 7(A)

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

60.    Defendants' above-described conduct violated Plaintiff's right to equal protection of the laws under Article I, Section 7(A) of the California Constitution.

### EIGTH CLAIM FOR RELIEF

### Violation of California Civil Code Section 52.1

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

61.    Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution of the laws of the United States and the State of California, in violation of California Civil Code Section 52.1

//

//

-10-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

## NINTH CLAIM FOR RELIEF

### Assault and Battery

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

62.    The conduct of Defendants Fitzpatrick, SooHoo, Damonte and Eileff constituted assault and battery on Plaintiff.

## TENTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

63.    In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiff would suffer extreme emotional distress as a result of defendants' conduct.

## ELEVENTH CLAIM FOR RELIEF

### Negligence

Plaintiff re-alleges and incorporates by reference all paragraphs previously alleged herein.

64.    Defendants had a duty of care to plaintiff to ensure that defendants did not cause unnecessary or unjustified harm to plaintiff, and a duty of care to hire, train, supervise and discipline // SFPD officers so as to not cause harm to plaintiff and to prevent violations of plaintiff's constitutional, statutory and common law rights.

65.    The above-described acts and omissions of defendants breached the duty of care defendants owed to plaintiff.

### VIII.  REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For general and compensatory damages to be determined according to proof;

2.    For special damages, including, but not limited to, medical and related expenses, wage loss, loss of earning capacity, and/or damage to career;

3.    For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

-11-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

4.    For an award of statutory damages and penalties pursuant to California Civil Code Section 52(b) to be determined according to proof;

5.    For attorneys' fees pursuant to 42 U.S.C. Section 1988 and California Civil Code Section 52.1(h), and California Code of Civil Procedure Section 1021.5;

6.    For costs of suit;

7.    For pre- and post-judgment interest as permitted by law; and,

8.    For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial.

Dated:  January 26, 2006

_____
Eileen C. Burke
Attorney for Plaintiff,
Kelly Medora

-12-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

## PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

_____

Eileen C. Burke
Attorney for Plaintiff,
Kelly Medora

-13-

C 06-0558 EDL, Complaint for Damages, *Medora v. CCSF, et al.*