IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MEDORA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF<br>SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-0558 EDL<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE DOCUMENTS, WITNESSES, INFORMATION AND DAMAGES; GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE RETAINED EXPERTS; DENYING PLAINTIFF'S MOTION TO ALLOW EXPERTS AND DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

On July 31, 2007, the Court held a hearing on Defendants' Motion to Exclude Documents, Witnesses, Information and Damages that Plaintiff Failed to Properly Disclose During Discovery, Defendants' Motion to Exclude All of Plaintiff's Retained Experts for Failure to Properly Disclose Them and to Exclude Documents Plaintiff Produced After the Discovery Cutoff, Plaintiff's Motion to Allow Experts and Defendants' Motion for Sanctions. For the reasons stated at the hearing, the Court issues the following Order.

1. Defendants' Motion to Exclude Documents, Witnesses, Information and Damages is granted in part. Although Plaintiff demonstrated a lack of diligence in failing to serve initial disclosures, the failure to do so was harmless as to some items, though not others. See Fed.

R. Civ. P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."). For example, Defendants had knowledge of Plaintiff's medical records and treating doctors from Plaintiff's earlier discovery responses and subpoenas, so the failure to include them in initial disclosures was harmless. Defendants, however, point to nine witnesses and two documents that were not disclosed until Plaintiff served her "supplemental/updated" disclosures on May 31, 2007. As stated at the hearing, the failure to previously disclose the credit card/ATM receipts of Christine Hollander from January 22 and 23, 2005 was harmless and those documents will not be excluded. The citation narratives and traffic court citations issued to Plaintiff and Christine Hollander will not be excluded if those documents were produced at Ms. Hollander's deposition. Defendants also seek to exclude a handwritten document with a name and phone number that was produced by Plaintiff on July 18, 2007, long after the discovery cutoff. Plaintiff's counsel represented that Ms. Hollander testified about this document in her deposition; Defendants' counsel disputed that. In response to the Court's order to produce the relevant deposition pages by August 1, 2007, Defendants filed a letter stating that there was no relevant testimony, and Plaintiff failed to file any response. Therefore, the document is excluded. The failure to disclose the new witnesses (dispatchers and officers on duty with certain call signs, Gene Chung, Janet Metzger Fleming, Sharon Goburty, Ohad Cohen, Linda Toschi-Chambers, Leslie Neuhasu, Sharon Rantfel and Liza Gangi) was not harmless and therefore, they are excluded. To the extent that the other witnesses on Plaintiff's late disclosures overlap with

Defendants' witness list, Plaintiff's witnesses will not be excluded. Further, witnesses Tom Long, Matt Tripp, Peter Scully and the custodian of records for Emergency Communications are not excluded, but witness Brendan (last name unknown) is excluded. Documents relating to past lost earnings (e.g., the Slingerland documents) are not excluded.

2. Defendants' Motion to Exclude all Non-Disclosed Retained Witnesses is granted in part. Although Plaintiff disclosed the name of her police practices expert, he did not prepare an expert report, and Plaintiff's argument that the failure to provide a report was excused by her inability to obtain confidential police officer personnel files from Defendants is not persuasive. Instead of failing to submit a report at all, Plaintiff's expert should have prepared a report based on the documents that had already been produced. Accordingly, Plaintiff's Motion to Allow a police practices expert is denied. In addition, Plaintiff's Motion to Allow a medical damages expert is denied. Plaintiff's argument that her medical condition only changed on May 31, 2007 to include weakness in her arm that will require surgery is contrary to her interrogatory response number 6, dated November 25, 2006, stating that Plaintiff has "pain, numbness and weakness to right arm including hand, elbow and shoulder." Burke Decl. Ex. 13. Therefore, Plaintiff knew as of November 2006 that she was experiencing weakness in her arm, which Dr. Lee had told her in August 2006 would require surgery. Plaintiff had seven months to retain a medical damages expert, yet failed to do so. Further, even if she only knew of the weakness as of May 31, 2007, she had twenty-six days before the expert disclosure cutoff date of June 26, 2007 to retain an expert or seek modification by the Court of the deadline.

3. Documents produced by Plaintiff on June 19 and 22, 2007 after the discovery cutoff date are excluded.

3

4. Plaintiff may take an additional deposition of Officer Doherty. This deposition may take place in the afternoon and shall be no longer than three hours. The deposition is limited to questions regarding <u>Monell</u> discovery that was produced after Officer Doherty's last deposition. The Court denies leave to take further depositions of other police officers.

5. The Court clarifies that "cover charges" constitute OCC complaints of false arrest where the claim of false arrest is accompanied by allegations of excessive force or other wrongful act so that the false arrest could be seen as a cover. Defendants stated at the hearing that production of these complaints is complete, so no further document production on this issue is required.

6. Defendants' Motion for Sanctions is denied.

**IT IS SO ORDERED.**

Dated: August 2, 2007

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge