IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MEDORA,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY & COUNTY OF<br>SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-0558 EDL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE; GRANTING DEFENDANTS' ALTERNATIVE MOTION TO COMPEL LIST OF CASES IN WHICH PLAINTIFF'S EXPERT HAS TESTIFIED AND GRANTING DEFENDANTS' MOTION FOR SANCTIONS** |

Defendants move to exclude Plaintiff's rebuttal expert William Giguiere on the ground that Plaintiff has failed to provide a list of other cases in which Mr. Giguiere has testified as an expert at trial or by deposition within the past four years. See Fed. R. Civ. P. 26(a)(2)(B). In the alternative, Defendants seek an order compelling Plaintiff to produce the list of cases immediately and to make Mr. Giguiere available for deposition. Defendants also seek sanctions in the amount of $750.00 in attorney fees for time spent preparing the motion to exclude. Plaintiff did not oppose these motions. Because these matters are appropriate for decision without oral argument, the hearing scheduled for September 18, 2007 is vacated.

//

At the August 14, 2007 hearing on Defendants' Motion for Summary Judgment, the parties and the Court discussed the issue of Mr. Giguiere's failure to provide a list of cases. Plaintiff's counsel stated that she has been trying without success to obtain the list from Mr. Giguiere. The Court instructed Plaintiff's counsel to inform Mr. Giguiere that he must provide the list immediately. According to Defendants, as of September 4, 2007, Plaintiff had not provided a list of cases to Defendants.

The Court is troubled that three weeks after the discussion at the summary judgment hearing, it appears that Plaintiff has still not produced Mr. Giguiere's list. The Court nonetheless will not exclude Mr. Giguiere but require him to provide a list of cases. Therefore, Defendants' Motion to Exclude is denied, but Defendants' alternative motion to compel production of the list is granted. No later than September 17, 2007, Plaintiff shall provide a list of cases in which Mr. Giguiere has testified within the past four years, if the list has not already been provided. Defendants are granted leave to depose Mr. Giguiere regarding the list. The deposition may take place by telephone and must take place no later than September 26, 2007, absent a compelling reason to extend this date. The parties shall share the cost of the court reporter evenly and Plaintiff shall pay any fees charged by Mr. Giguiere.

Defendants seek sanctions in the amount of $750.00, reflecting three hours of defense counsel's time at $250.00 per hour spent in preparing the Motion to Exclude. See Declaration of Robert Bonta in Supp. of Defs.' Mot. for Sanctions ¶ 2. Despite the clear language of Rule 26 requiring a list of cases from an expert and the Court's admonishment at the August 14, 2007 hearing to provide the list immediately, Plaintiff failed to produce Mr. Giguiere's list of cases. Moreover, there has been no showing that Plaintiff's failure to do so is justifiable or excusable. Accordingly, Defendants' Motion for Sanctions is granted in the amount of $750.00. See Fed. R.

Civ. P. 37(a)(4).

**IT IS SO ORDERED.**

Dated: September 10, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge